UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARKISS YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02695-JPH-MJD |
| | ) |
| HOWARD COUNTY CRIMINAL JUSTICE CENTER, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Markiss Young's motion for assistance with recruiting counsel, dkt. [3], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020); *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are many indigent litigants and too few lawyers willing and able to volunteer for these cases."). For the reasons explained below, the plaintiff's motion to appoint counsel, dkt. [3], is **denied**.

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Thomas*, 951 F.3d at 859 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

1

Mr. Young states that he has contacted numerous attorneys, approximately 15 in total, but none could take his case. Dkt. 3 at 2. However, Mr. Young only specifically identifies two law firms he has contacted and writes that he has "trouble remembering" the names of the others. *Id.* Regardless, the Court will not recruit counsel to represent Mr. Young at this time.

For the reasons explained in the Screening Order of November 5, 2021, Mr. Young's claims cannot proceed. *See* dkt. 6. Mr. Young has not named a suable defendant in his complaint, and thus has failed to state a claim upon which relief could be granted. Further, Mr. Young is competent to litigate this civil action himself. He does not have difficulty reading or writing English and has a Tenth-grade education. Dkt. 3 at 2-3. He additionally notes "some college." *Id.* Though Mr. Young states that he has mental health challenges of bipolar and schizoaffective disorder, his filings in this action thus far have been understandable and coherent. Further, his allegations relate to the conditions of confinement he experienced at the Howard County Criminal Justice Center over a period of 48 hours, and he is personally familiar with what happened to him, so as to be able to file an amended complaint to cure the deficiencies outlined by the Court in its Screening Order.

At this time, Mr. Young has not stated a viable claim, and thus no defendant has responded to Mr. Young's claims. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). While that statement from *Kadamovas* is not a "bright-line rule [ ]," in this case Mr. Young has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019).

Accordingly, Mr. Young's motion for assistance with recruiting counsel, dkt. [3], is **denied without prejudice**.

**SO ORDERED.**

Date: 11/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARKISS YOUNG
1123 S. 23rd
Lafayette, IN 47405